IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANNE KRAUSE** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 13-7349** |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security,** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                          MARCH 20, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Joanne Krause ("Plaintiff") brings this action pursuant to 42 U.S.C. §405(g) seeking review of the final decision of the Social Security Acting Commissioner denying her claim for Supplemental Security Income ("SSI"). The denial of SSI benefits was based primarily on the determinations of an administrative law judge ("ALJ") that Plaintiff was capable of performing her past relevant work as a painter and, therefore, was not disabled under the Social Security Act. The matter was referred to United States Magistrate Judge Richard A. Lloret for a Report and Recommendation ("R&R"). On December 5, 2014, Magistrate Judge Lloret issued his R&R, which recommended that Plaintiff's request for review be denied. [ECF 10]. Plaintiff filed timely Objections to the R&R, [ECF 11], to which Defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, ("Defendant"), filed a response in opposition. [ECF 13].

The matter is ripe for disposition and for the reasons stated herein, this Court approves and adopts the R&R, overrules Plaintiff's Objections, and denies Plaintiff's request for review.

**BACKGROUND**

The factual and procedural backgrounds of this case are set forth in detail in the R&R and will be recited in this Memorandum Opinion only as necessary to address the issues presented by Plaintiff's objections. However, to provide context to the arguments, suffice it to state that the ALJ found that Plaintiff, then 56 years old and with a seventh grade education, suffered from the following severe impairments: dysthymic disorder, minimal degenerative joint disease of the left knee, mild osteoarthritis of the left wrist; and from a non-severe asthma impairment, blurry vision, and lower back pain which were not medically determinable impairments. The ALJ found that none of these impairments, singularly or in combination, equaled the severity of one of the listed impairments necessary to be found disabled without consideration of the claimant's age, education, or work experience. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

**LEGAL STANDARD**

When considering objections to a magistrate judge's R&R, the court must undertake a *de novo* review of the portions of the R&R to which the plaintiff has objected. *See* 28 U.S.C. §636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Judicial review of an administrative decision is, however, limited in scope. In reviewing a Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the factual findings of the ALJ in order to determine whether these findings are supported

by substantial evidence. *See* 42 U.S.C. §405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## DISCUSSION

While Plaintiff disagrees with the Magistrate Judge Lloret's finding that the ALJ appropriately weighed the opinions of the various treating physicians, Plaintiff limits her argument to two objections and contends that the findings of Magistrate Judge Lloret and the ALJ are not supported by substantial evidence. This Court will separately review these objections.

### *Plaintiff's First Objection*

Plaintiff contends that "the Magistrate Judge's acceptance of the Commissioner's argument that the ALJ made a proper step-four[1] finding that Plaintiff could perform her past job

---

[1] To determine whether a claimant is disabled, an ALJ must apply the familiar five-step sequential process prescribed in the Social Security regulations. 20 C.F.R. §404.1520; *Rutherford*, 399 F.3d at 551. At step one, a claimant must show that (s)he is not engaged in gainful employment. *Id.* At step two, the claimant must show a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* at §404.1520(c). At step three, an ALJ must determine whether the claimant's impairment or impairments are equal to one of the impairments listed in an appendix to the Social Security regulations; if so, the claimant is deemed disabled. *Id.* at §404.1520(d). If the claimant's impairment does not equal one of the listed impairments, the inquiry proceeds to step four where the claimant must show that the impairment prevents the performance of past relevant work. *Id.* at §404.1520(f). If the claimant cannot return to past relevant work, the process proceeds to step five, where the Commissioner must show that the claimant's

3

is unreasonable" and, further, "incomplete." Specifically, Plaintiff contends that despite the ALJ's finding that she "can never climb ladders, ropes, or scaffolds, must avoid concentrated exposure to extreme cold, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery," the ALJ failed to consider whether her past relevant work required "concentrated exposure to fumes, extreme cold, or poor ventilation" or "whether Plaintiff had to climb ladders to paint poles." Plaintiff's argument is, however, without merit.

As the claimant seeking disability benefits, Plaintiff has the burden of proof to provide evidence, through her own testimony or otherwise, as to her disability and the functional demands of her relevant past work. *See e.g.*, 20 C.F.R. §§416.912 and 416.965(b); SSR 82-62 (providing that the "claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."). Initially, on the page of her application which requires a description of her past relevant work, Plaintiff did not indicate that her job as a painter required any climbing, despite the form having a specific inquiry and place for her to indicate the number of hours her job required her to "climb." (Administrative Record ("A.R.") at 155). Plaintiff did not provide a response but rather left the inquiry blank. At the hearing, Plaintiff, who was represented by counsel, provided only a sparse description of her past relevant work experience as a sign and safety painter. (*Id.* at 52). When further questioned by the ALJ to describe her past relevant work, Plaintiff testified that she painted lines and metal poles in parking lots. (*Id.* at 52-53). She provided no testimony, however, as to whether she was required to climb ladders or was exposed to concentrated fumes, extreme cold, or poor

---

residual functional capacity ("RFC") allows the claimant to perform a significant number of other jobs in the national economy. *Id.* at §404.1520(g). In her Objections, Plaintiff does not challenge the Magistrate Judge's findings with regard to the first three steps.

4

ventilation. At the conclusion of the hearing, the ALJ expressly left the record open for a period of time to allow Plaintiff (or counsel) to submit additional evidence and/or information. (*Id.* at 56). Notwithstanding this opportunity, neither Plaintiff nor counsel supplemented the record with any additional information regarding her past relevant work and, in particular, information that her past relevant work required her to climb ladders and/or exposed her to concentrated fumes, extreme cold, or poor ventilation.

Contrary to Plaintiff's inference that her past relevant work had these requirements, the administrative record is devoid of any information that Plaintiff's past relevant work required her to climb ladders and/or exposed her to concentrated fumes, extreme cold, or poor ventilation. In light of the absence of these facts, the ALJ could not and did not fail to consider these alleged job requirements because Plaintiff did not indicate such a requirement existed. The ALJ's findings that Plaintiff "can never climb ladders, ropes, or scaffolds, must avoid concentrated exposure to extreme cold, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery," is not an inconsistent or an incomplete finding. Rather, the ALJ's finding that Plaintiff can perform the requirements of her past relevant work as a painter was based on the evidence within the administrative record and on Plaintiff's own description of her job duties. No evidence exists or was presented which negates this particular finding.

Further, Plaintiff's reliance on *Burnett v. Commissioner*, 220 F.3d 112 (3d Cir. 2000) in support of her objection is also misplaced. In *Burnett*, the Third Circuit held that it "is clear error to make a past relevant work determination that is contrary to uncontroverted evidence presented *by the claimant.*" *Id.* at 123. (emphasis added). Here, in her objections Plaintiff has not pointed to any evidence, let alone uncontroverted evidence, that contradicts the ALJ's findings as to Plaintiff's past relevant work experience. As such, the ALJ's determination as to the scope of

5

Plaintiff's past relevant work requirements were not contrary to any evidence, controverted or not, presented by Plaintiff, as was the case in *Burnett*.

### *Plaintiff's Second Objection*

Plaintiff also objects to the Magistrate Judge Lloret's conclusion that the ALJ appropriately relied on the vocational expert's testimony opining that Plaintiff could perform other jobs such as cleaner/housekeeper and packer; jobs performed at the light exertional level. Plaintiff contends that if she "was limited to light work, considering her age, education, and work history, she would have to be found disabled by GRID Rule §202.01, 20 C.F.R. Part 404, Subpart P, Appendix 2." However, in making this argument, Plaintiff either misconstrues or misrepresents the vocational expert's testimony in order to implicate the wrong GRID.

The administrative record reveals that the vocational expert opined that Plaintiff was capable of performing medium work, although her past relevant work as a painter fell within the light work category. (A.R. at 53-54). When questioned whether Plaintiff could perform any other type of work, the vocational expert testified that Plaintiff could also work as a cleaner, housekeeper, or a packer, positions classified as "unskilled, light" work. (*Id.* at 54-55).

Contrary to Plaintiff's implication, however, the vocational expert did not testify that Plaintiff was "limited" to light work. Rather, the vocational expert specifically opined that Plaintiff could perform "medium work." This opinion was adopted by the ALJ. The applicable regulation defines "medium work" as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *If someone can do medium work, we determine that he or she can also do sedentary and light work.*

20 C.F.R. §416.967 (emphasis added). As such, a claimant who is determined to be capable of performing medium work can also perform light work.

Based upon the finding that Plaintiff could do medium work, the applicable GRID is contained in 20 C.F.R., Pt. 404, Subpt. P, App. 2, §203.11, which applies to individuals who are limited to "medium work," rather than the GRID contained in §202.01, which applies to individuals who are limited to "light work." Under GRID of §203.11, Plaintiff, an individual of advanced age with a limited education, and previous unskilled work experience, is deemed "not disabled." Accordingly, Plaintiff's objection is without merit.

## CONCLUSION

For the reasons stated herein, Plaintiff's objections are overruled, the R&R is approved and adopted, and Plaintiff's request for review is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, USDCJ.